## HALE et al. v. MANN, Secretary of the State of Texas, et al.

### No. 520.

District Court, W. D. Texas. Austin Division.

March 23, 1936.

On Rehearing Aug. 17, 1936.

Arthur H. Bartelt, of San Antonio, Tex., for complainants.

William McCraw, Atty. Gen., and Scott Gaines and W. W. Heath, Asst. Attys. Gen., for respondents.

Before HUTCHESON, Circuit Judge, and KENNERLY and McMILLAN, District Judges.

PER CURIAM.

Plaintiffs sue certain officers of the state to restrain the enforcement so far as plaintiffs are concerned of the Texas Securities Act passed by the Forty-Fourth Legislature (1935) c. 100 (Vernon's Ann. Civ.St.Tex. art. 600a, Vernon's Ann.P.C. Tex. art. 1083a). Plaintiffs attempted to implead the defendant Stanford, who has succeeded Mann as Secretary of State, by supplemental bill, but it was admitted on the trial that he was not properly before the court, and the case proceeded as against the other defendants only.

At the outset the defendants challenge the jurisdiction of the court on the ground that no sufficient amount is shown to be in controversy. After due consideration, we are of the opinion that the point is well taken and that the court is without jurisdiction and the case must be dismissed.

The plaintiffs allege substantially that as partners they are and have been engaged in buying and selling oil and gas leases, royalties, and mineral deeds and undivided fractional interests therein, in the state of Texas. They assert that defendants claim that the new Securities Act applies to their business and are threatening to enforce it against them. They allege generally that the act has no application to their business, and, on the other hand, if same does apply, it is unconstitutional for various reasons. Primarily they assert that the business of selling oil and gas leases, royalties, etc., is of such a character that it cannot properly be regulated under the Securities Act. Secondarily, they attack the act upon a number of anticipatory grounds relating to matters which might or might not arise during the course of its enforcement. They charge in a general way that the enforcement of the act will destroy their right to do business and that the value of that right is greatly in excess of $3,000.

The act initially provides for registration by dealers in securities for which, coupled with a certificate, a fee of $35 must be paid. The transaction of business by a party covered by the act without registration subjects him to various penalties. After registration, the act throws various rules and regulations around the conduct of the registrant's business.

The affidavits and exhibits attached to plaintiff's bill indicate that the immediate matter at issue between the plaintiffs and the officials is plaintiff's failure to register. If this is the only matter at issue, then obviously plaintiffs may settle this controversy by registering and paying the fee. They are in no position at this time to raise any question as to the requirements in connection with the registration, as their bill shows that they have made no endeavor to effect a registration. In so far as their liability for the registration fee is concerned, they can under the state suspense statute (Vernon's Ann.Civ.St.Tex. art. 7057b) make payment under protest

and sue for a recovery in a court of competent jurisdiction, thereby testing the constitutional questions as to whether they are liable for the charge or subject to the provisions of the act. See State Life Insurance Company v. Daniel (D.C.) et al., 6 F. Supp. 1015.

However, if the act can be construed as completely suppressing plaintiffs' business, then it would be an idle formality for them to attempt to register, and the matter in controversy here would be the value of their right to do business, and the court would be obliged to consider the case on its merits. So far as the bill charges the unconstitutionality of various parts of the act which relate to its administration, those matters are anticipatory and may never arise. Accordingly, the matter narrows down now to the question of whether the act completely destroys plaintiffs' business or merely regulates and restricts it in such a way as to cause them some damage or inconvenience.

While the bill is replete with legal conclusions and abstract statements to the effect that plaintiffs' business will be destroyed, there are no tangible facts pleaded to support these statements or to lead to any conclusion other than that the act simply constitutes a regulation of, and restriction on, plaintiffs' business. These views with regard to the bill are confirmed by an inspection of the act itself, which, of course, may be and should be considered by the court in connection with this motion to dismiss. If the effect of the act is not to entirely destroy plaintiffs' business, but simply to injure them in the conduct thereof, then it is necessary for them to make some showing both by way of pleading and proof as to the extent of that injury. This, in our opinion, they have signally failed to do upon the trial of the case. The matter here is generally ruled by such decisions as that of Healy v. Ratta, 292 U.S. 263, 54 S.Ct. 700, 78 L.Ed. 1248, and Cook's Estate, Trustees, v. Sheppard (D.C.) 8 F.Supp. 21.

Accordingly, it follows from what has been said that the case will be dismissed for want of jurisdiction.

## On Motion for Rehearing.

McMILLAN, District Judge.

When this case was before the court on its merits, we dismissed the suit, after hearing the evidence, for the reason that neither the pleadings nor the evidence showed sufficient amount in controversy to confer jurisdiction on the court.

The matter is now again before the court on motion for rehearing. While complainants have presented their motion forcefully and earnestly, still there is nothing put forward to sustain their position which was not considered and determined on the prior hearing. At great length, they develop the various grounds on which they assert the act to be unconstitutional. If the court had jurisdiction of the case, those are all matters which not only could be, but would have to be, considered. However, complainants, in their motion, obviously misinterpret the effect of the court's opinion. There was no effort in that opinion to pass, in any way, on the merits of the case. The effect of the holding was simply that neither on the face of the pleadings nor the evidence was the jurisdictional amount shown to be in controversy.

It is unnecessary to review the pleadings or to add anything to what was said with regard to them in the original opinion. By way of evidence, complainants attempted to support the jurisdiction by the testimony of one of the copartners. There was nothing in his evidence to show that the act assailed completely destroyed their business or did anything more than circumscribe and regulate it. He, in no place, testified to the amount of damage which the business would sustain by the enforcement against it of the regulations provided by the act. On the contrary, on cross-examination, he said that they had made no effort to comply with the act and did not know what it would cost them to do so, and knew of no damage that any other parties engaged in a similar business had suffered by reason of the law.

The question of jurisdiction was raised by respondents in their answer. The burden to establish it rested upon complainants. Since our original opinion was handed down in this case, the Supreme Court has decided the case of McNutt, Governor of the State of Indiana, et al. v. General Motors Acceptance Corporation, 56 S.Ct. 780, 80 L.Ed. ——. The opinion in that case thoroughly sustains the action of this court in dismissing the bill here. The motion for rehearing will be overruled.